IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRACY D. CRISCO, | § | |
| | § | No. 521, 2015 |
| Plaintiff Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | C.A. No. K13C-08-019 |
| COMPANY, | § | |
| | § | |
| Defendant Below-Appellee. | § | |
| | § | |

Submitted: February 5, 2016
Decided: April 8, 2016

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 8th day of April 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The plaintiff-appellant, Tracy D. Crisco, filed this appeal from the Superior Court's entry of a directed verdict in defendant-appellee State Farm's favor on August 24, 2015. The Superior Court entered the directed verdict after the parties appeared for the first day of a bench trial, and Crisco rested his case without presenting any evidence or testimony. We find no merit to Crisco's appeal. Accordingly, we affirm the Superior Court's judgment.

(2)    The record reflects that Crisco filed a two-page complaint against State Farm on August 20, 2013, asserting claims for breach of contract, fraud, unfair claims settlement practices, and bad faith. Crisco alleged that his motorcycle was covered under an insurance policy issued by State Farm and that the motorcycle was damaged in a hit-and-run accident on August 20, 2010. Among other things, Crisco asserted that State Farm wrongfully and in bad faith denied his claim for benefits in a letter dated September 23, 2010. That letter stated that State Farm was denying coverage under Crisco's policy because there were no independent witnesses to corroborate that a hit-and-run accident had occurred, because State Farm's inspection of Crisco's motorcycle revealed no physical evidence of a collision, and because Crisco had not reported a hit-and-run accident to the police within 24 hours.

(3)    Crisco was allowed to amend his complaint. State Farm answered the amended complaint on March 21, 2014, denying Crisco's claims. On August 18, 2014, State Farm filed a motion for summary judgment. Despite several extensions of time, Crisco failed to file a response to State Farm's motion and failed to appear at the March 13, 2015 hearing on the motion. The Superior Court granted State Farm's motion for summary judgment in part on Crisco's bad faith and exemplary damages

2

claims. Trial on the remaining property damage claims was scheduled for August 24, 2015.

(4) On August 19, 2015, Crisco rejected State Farm's offer of judgment and also purported to file a motion for summary judgment, alleging that the insurance policy provisions relied upon by State Farm to deny coverage were unlawful under Delaware law and void as against public policy. State Farm filed a response in opposition. Despite the untimeliness of Crisco's motion for summary judgment, the Superior Court denied the motion on its merits in a written order dated August 20, 2015.

(5) On August 24, 2015, the day scheduled for trial, Crisco appeared before the Court and gave a brief opening statement. At the conclusion of his opening, Crisco told the Superior Court, "Your Honor, I have to respectfully deny trial today." The following colloquy then occurred:

> THE COURT: What do you mean by "respectfully deny trial today?" I'm not sure what that means.
> MR. CRISCO: Well, I will be here if [defense counsel] calls any witnesses to cross-examine them. But I won't take the stand. There's no reason; me stating that I had been hit changes nothing.
> . . .
> THE COURT: All right. Do you intend to call any witnesses to establish a claim?
> MR. CRISCO: No, Your Honor. I don't have any witnesses. There was no disinterested persons [sic]. The driver left the scene.
> THE COURT: Well, you certainly can call yourself if you wish.

MR. CRISCO: I could, but if my statement was no good during summary judgment along with proof on record, it's not going to hold much weight either.

THE COURT: Okay. Do you wish to rest your case, or do you want to proceed?

MR. CRISCO: My apologies, Your Honor. I rest my case.

(6) Defense counsel immediately moved for judgment as a matter of law under Superior Court Rule of Civil Procedure 50(a).[1] The Superior Court held that, because Crisco had failed to present any evidence at trial to support his claims, there was no legally sufficient basis to find for Crisco. Accordingly, the Superior Court entered judgment as a matter of law in favor of State Farm. This appeal followed.

(7) In his opening brief on appeal, Crisco contends that the Superior Court should have granted judgment in his favor, *sua sponte*, because the policy provisions relied upon by State Farm to deny coverage were void as a matter of law. Crisco also contends that the Superior Court erred in granting judgment as a matter of law in State Farm's favor.

(8) Affording Crisco a substantial degree of leniency, we review his first claim as a challenge to the Superior Court's decision denying his motion for summary judgment. We review the denial of summary judgment

---

[1] Del. Super. Ct. Civ. R. 50(a) provides that, if a party has been fully heard on an issue and there is no legally sufficient basis to rule in that party's favor, then the trial court may determine the issue against the party and enter judgment against that party on that issue as a matter of law.

4

*de novo* "to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[2]

(9) In this case, the Superior Court properly denied Crisco's motion for summary judgment because, as set forth in the parties' joint pretrial stipulation, there were disputed issues of material fact, namely whether there was property damage to Crisco's motorcycle and helmets and whether that damage was the result of the negligence of a hit-and-run driver. Under the circumstances, there was no error in the Superior Court's denial of Crisco's motion for summary judgment.

(10) Moreover, we find no error of law in the Superior Court's directed verdict in State Farm's favor. Crisco appeared for trial and then informed the Superior Court that he did not intend to present any evidence in support of his case, not even his own testimony. Because Crisco had the opportunity to be fully heard on the issues in dispute and then offered no legally sufficient evidentiary basis for the Superior Court to rule in his favor, State Farm was entitled to judgment as a matter of law.[3]

---

[2] *Shuba v. United Services Auto. Ass'n*, 77 A3d 945, 947 (Del. 2013) (*quoting State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454, 456 (Del. 2010)).

[3] Super. Ct. Civ. R. 50(a) (2016).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Randy J. Holland_____
Justice